UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME GRAY,

    Plaintiff,

Case Number  5:20-cv-183 _____

v.

BONUS TRANSPORTATION, INC.,

    Defendant.

_____/

## Complaint & Jury Demand

1. The Plaintiff, Jerome Gray, sues Defendant, Bonus Transportation Inc., pursuant to Section 16(b) of the Fair Labor Standards Act (FLSA) for retaliation and unpaid minimum wages.

2. The Honorable Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

4. Defendant is a motor carrier.

5. Defendant's USDOT number is 316378.

6. Defendant's physical address is 31599 Fourth St, Sorrento, Florida 32776.

7. The Federal Motor Carrier Safety Administration (FMCSA) reports that Defendant has eighty-nine (89) drivers.

8. Defendant is engaged in interstate commerce.

9. Defendant is authorized to carry general freight, fresh produce, US Mail, refrigerated food and paper products.

10. Defendant has gross annual revenues in excess of $500,000.00.

11. Defendant employs employees that are individually covered by the FLSA.

12. Defendant employs employees that handle goods or materials that have moved in interstate commerce such as trucks, paper, pen, phones and computers.

13. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

14. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

15. Defendant was Plaintiff's employer.

16. Defendant was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17. Defendant had the authority to hire, fire and discipline Plaintiff.

18. Plaintiff was an over the road truck driver for Defendant.

19. Plaintiff began working for Defendant on or about February 2020.

20. Defendant paid Plaintiff .35 per mile.

21. In addition to wages of .35 per mile, Defendant paid Plaintiff .15 per mile in per diem.

22. Per diem payments are not wages.

23. Plaintiff drove a truck for Defendant in Georgia, Florida, North Carolina and South Carolina.

24. Plaintiff was not paid for all hours worked.

25. Defendant paid Plaintiff once a week.

26. Defendant did not keep accurate time records for Plaintiff.

27. Defendant did not pay Plaintiff for all hours worked.

28. Defendant did not assure that Plaintiff and other drivers were paid at least the minimum wage each week.

29. Defendant acted in reckless disregard of the FLSA.

30. Defendant willfully violated the FLSA.

**Count I – FLSA Retaliation**

31. Plaintiff reincorporates paragraphs 1 through 30 as if fully stated herein.

32. Plaintiff objected to not being paid at least the minimum wage.

33. On Friday April 10, 2020, Plaintiff specifically stated to Defendant that he was earning less than minimum wage and this was a violation of the law.

34. Defendant got mad at Plaintiff.

35. Defendant did not allow Plaintiff to drive on Monday April 13, 2020.

36. Defendant terminated Plaintiff on Wednesday April 15, 2020.

37. Plaintiff engaged in protected activity as defined by the FLSA and the U.S. Supreme Court. See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

38. Defendant violated 29 U.S.C. § 215(a)(3) by not allowing Plaintiff to work on April 13th and by terminating him on April 15th.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, correction of his personnel file indicating that he was terminated in violation of the FLSA, proper positing of DOL Wage & Hour posters at all of Defendant's places of employment, wage and hour training by all managers, notice of this case to all employees of Defendant, attorneys' fees, costs and any other relief the Court deems proper.

**Count II – Unpaid Minimum Wages**

39. Plaintiff reincorporates paragraphs 1 through 30 as if fully stated herein.

40. As a truck driver for a motor carrier, Plaintiff was entitled to receive at least the minimum wage each week.

41. Plaintiff was not paid for all hours worked.

42. Defendant was required to pay Plaintiff for productive and non-productive hours.

43. Defendant had a policy or practice of not paying its drivers for all compensable hours.

44. Defendant did not assure that Plaintiff was receiving at least the minimum wage each week.

45. The mileage of .35 per mile that Defendant paid Plaintiff did not reach the minimum wage each week from February through April 2020.

46. Defendant was required to pay Plaintiff minimum wages pursuant to 29 U.S.C. § 206(a).

47. Plaintiff was not paid at least the minimum wage.

48. Defendant did not act on the reliance of counsel in paying Plaintiff.

49. Defendant ignored the fact that Plaintiff and other drivers were not paid at least the minimum wage.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, proper positing of DOL Wage & Hour posters at all of Defendant's places of employment, notice of this case to all employees so such employees will know if they are owed minimum wages, attorneys' fees, costs and any other relief the Court deems proper.

Respectfully submitted this 29th day of April 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (863) 838-3838
Email – bernie@thelaborfirm.com

*Counsel for Plaintiff*