UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME GRAY,

        Plaintiff,

vs.                                        Case No:  5:20-cv-183-JSM-PRL

BONUS TRANSPORTATION, INC.

        Defendants.
_____/

## ANSWER TO COMPLAINT & JURY DEMAND

Defendant, Bonus Transportation, Inc.., by and through the undersigned counsel, hereby answers the Plaintiff, Jerome Gray's Complaint filed April 29, 2020 (Doc 1), as follows:

1. Without knowledge.
2. Admit for purposes of jurisdiction only; otherwise deny.
3. Admit for purposes of venue only; otherwise deny.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. Admit.
10. Admit.
11. Admit.
12. Admit.
13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Deny.

23. Admit.

24. Deny.

25. Admit.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant reincorporates its answer to paragraphs 1 through 30 above as if fully stated herein.

32. Admit Plaintiff verbally accused Defendant of not paying him at least minimum wage for a particular week; otherwise denied.

33. Admit Plaintiff verbally accused Defendant of not paying him at least minimum wage for a particular week; otherwise denied.

34. Deny.

35. Deny.

36. Admit.

37. Deny.

38. Deny.

39. Defendant reincorporates its answer to paragraphs 1 through 30 above as if fully stated herein.

40. Admit.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Admit.

47. Deny.

48. Deny.

49. Deny.

## AFFIRMATIVE DEFENSES

50. Plaintiff has failed to state a claim upon which relief can be granted.

51. Each cause of action, claim, and item of damages did not accrue within the time prescribed by law before this action was brought.

52. Plaintiff was an exempt employee pursuant to FLSA exemptions.

53. Plaintiff's damages claims are barred by the provisions of 29 U.S.C. 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

54. Plaintiff's claims are barred by the provisions of 29 U.S.C. 254, as to all hours during which they were engaged in certain activities that were preliminary or postliminary to their principle activities.

55. Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, or exceptions, provided by the FLSA, 29 U.S.C. 213 and 29 C.F.R. §§ 541.0 *et seq.*

56. Plaintiff's claims are barred by the provisions of 29 U.S.C. 259, because all actions taken in connection with the Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

57. Some or all of the purported claims in the Complaint are barred because the time for which compensation is sought is de minimis and therefore not compensable.

58. Plaintiff's claims are barred in whole or in part by the fact that he was conducting personal and other business activities during the hours he was ostensibly and supposedly performing work for Defendant.

59. To the extent plaintiff seeks compensatory damages or other damages not available under the FLSA, any such attempt to obtain those damages is barred.

60. Plaintiff was, during his probationary period, terminated for legitimate reasons that justify termination, including his repeated tardiness and confrontations with other employees and staff, regardless of any alleged protected activity.

61. To the extent that Plaintiff has failed to comply with Plaintiff's duty to mitigate damages, Plaintiff's entitlement to which is expressly denied, Defendant is not responsible for those damages.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system which will send an electronic copy to: Bernard R. Mazaheri, Esquire, bernie@thelaborfirm.com; this 19th day of June 19, 2020.

>GILLIGAN, GOODING, BATSEL,
>ANDERSON & PHELAN P.A.
>
>BY: */s/ Christopher A. Anderson*
>Christopher Anderson, Esquire
>Florida Bar No. 105696
>Patrick G. Gilligan, Esquire
>Florida Bar No.  375454
>1531 S.E. 36th Avenue
>Ocala, Florida 34471
>Telephone: (352) 867-7707
>Facsimile:  (352) 867-0237
>Attorneys for Defendant, Bonus Transportation, Inc.
>Primary:  canderson@ocalalaw.com
>              pgilligan@ocalalaw.com
>Secondary: peining@ocalalaw.com
>                   kpeterson@ocalalaw.com

E:\CAA\Bonus Transportation\Gray, Jerome\Pleadings- Complaints, Answers and AD's\Complaint\Answer 06.19.19.docx